IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | | |
|---|---|---|
| INTERNATIONAL GEM & <br> JEWELRY SHOW, INC. <br> 120 Derwood Circle <br> Rockville, Maryland 20850 <br><br> Plaintiff <br><br> v. <br><br> DEBORAH MCINTOSH-WILLIAMS <br> 3822 W. White Canyon Road <br> Queen Creek, Arizona 85242 <br><br> And <br><br> CHARLES REED <br> 17129 Paps Lane <br> Hagerstown, Maryland 21740 <br><br> And <br><br> JERZY JOZWIAK <br> 16559 Red Rock Lane <br> Broomfield, Colorado 80020 <br><br> And <br><br> WORLD GEM & JEWELRY SHOW, INC. <br> 3822 W White Canyon Road <br> Queen Creek, Arizona 85242 <br><br> Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | FILED <br> U.S. DISTRICT COURT <br> DISTRICT OF MARYLAND <br><br> 2009 MAY -7  P 12: 51 <br><br> CLERK'S OFFICE <br> AT GREENBELT <br><br> BY____ <br><br> Case No.: _____ <br><br> PJM 09 CV 1185 <br><br> RECEIVED <br> APR 0 3 2009 <br> Clerk of the Circuit Court <br> Montgomery County, Md. |

## COMPLAINT

International Gem & Jewelry Show, Inc. ("InterGem") by counsel, Jeffrey D. Goldstein and Smith, Lease & Goldstein, LLC, hereby sues and demands judgment against Deborah McIntosh-Williams, Charles Reed, Jerzy Jozwiak ("Individual Defendants") and World Gem & Jewelry Show, Inc. ("World Gem") and for its causes of action states as follows:

## PARTIES

1. InterGem is a corporation organized under the laws of the District of Columbia which has its principal place of business in Rockville, Maryland, and is qualified to do business in the State of Maryland.

2. InterGem is in the business of presenting gem and jewelry exhibitions throughout the United States of America.

3. Deborah McIntosh-Williams ("Williams") is a resident of the state of Arizona.

4. Williams was an employee of InterGem for more than eight (8) years and resigned on March 2, 2009.

5. Williams was employed as a show manager and in that position managed InterGem's gem and jewelry shows throughout the United States.

6. Charles Reed ("Reed") is a resident of the state of Maryland.

7. Reed was an employee of InterGem for more than ten (10) years and resigned on March 4, 2009.

8. Reed was employed as InterGem's Transportation Manager and in that position was responsible for the set-up of InterGem's gem and jewelry shows throughout the United States.

9. Jerzy Jozwiak ("Jozwiak") is a resident of the state of Colorado.

10. Jozwiak was an employee of InterGem for more than ten (10) years and resigned on March 1, 2009.

11. Jozwiak was employed as a truck driver and in that position was responsible for the transportation and delivery of exhibitor equipment and merchandise to and from InterGem's gem and jewelry shows throughout the United States.

12. World Gem is an Arizona Limited Liability Company owned by the Individual Defendants and two other owners.

13. World Gem was created by the Individual Defendants and two other owners in March 2009, and it has announced that it intends to be in the business of presenting gem and jewelry exhibitions throughout the United States of America.

## FACTS COMMON TO ALL COUNTS

14. Each of the Individual Defendants resigned their employment with InterGem during the first week of March, 2009.

15. The Individual Defendants' resignations were given immediately preceding the commencement of InterGem's spring show schedule.

16. Each of the Individual Defendants was in a position with InterGem that provided them close access to InterGem's exhibitors.

17. InterGem has learned that for a long period of time preceding the Individual Defendants' resignations from InterGem, those Defendants agreed with one another and conspired with one another to leave their employment with InterGem and to form a competing enterprise by improperly taking advantage of InterGem's resources while still employed by InterGem.

18. InterGem has learned that for a long period of time preceding the Individual Defendants' resignations from InterGem, those Defendants' communicated with and solicited InterGem's exhibitors with the intention of diverting those exhibitors from InterGem's shows to Defendants' and World Gem's proposed shows.

19. Defendants Williams and Reed were provided with complete access to InterGem's "Show Manager" software and database.

20. The Show Manager software and database contained detailed information concerning each of InterGem's exhibitors.

21. The information contained on the Show Manager database included exhibitor contact information, exhibitor booth location, exhibitor pricing for booth rental, venue floor-plans, and other confidential and proprietary information developed and maintained for the exclusive use of InterGem's employees.

22. The Individual Defendants appropriated the Show Manager database and converted that information to their own use and to the use of the new company they have created: World Gem.

23. The Individual Defendants and World Gem have begun using the Show Manager database in order to market World Gem and World Gem's shows to InterGem's exhibitors.

24. World Gem and the Individual Defendants have begun contacting the venues InterGem historically has rented for its gem and jewelry shows and requested the right to rent those venues for time periods immediately preceding InterGem's scheduled shows at those venues.

25. InterGem has a registered Trademark on the name "International Gem & Jewelry Show."

26. InterGem is known in the trade show industry by the shorthand name "Inter Gem"

27. In addition to using the registered trademark, InterGem has, for at least twenty (20) years prominently used the phrase "World of Gems & Jewelry" in connection with its advertising and other publicity for its gem and jewelry shows.

28. InterGem has for many years used the designation "SM", an abbreviation for "service mark," next to the phrase "World of Gems & Jewelry" indicating to the public that

4

InterGem intends to have the exclusive right to use that phrase in connection with its gem and jewelry shows.

29. Defendants' use of the name World Gem & Jewelry Show is deceptively similar to InterGem's use of that phrase as a service mark within its publicity and advertising for InterGem's gem & jewelry shows.

30. Defendants' have disseminated communications to InterGem's exhibitors where Defendants have shortened the corporate name to "World Gem & Jewelry Show" to the shorter name: "World Gem" for use as Defendants' trade name.

31. Defendants' use of the shortened name "World Gem" is deceptively similar to InterGem's use of the shortened name "Inter Gem".

32. Defendants' actions including their: pre-termination communications and solicitations to InterGem's exhibitors, coordinated resignation on the eve of InterGem's spring show season, appropriation of the Show Manager database, communications with the show venues, solicitations to InterGem's exhibitors, creation of a company using a name confusingly similar to InterGem, were all part of a plan to maliciously injure InterGem in its trade and business and not merely for the purpose of fair and honest competition.

## COUNT I

(Breach of Contract – Individual Defendants)

33. All of the foregoing allegations are hereby incorporated by reference as if fully stated herein.

34. Each of the Individual Defendants was a full-time employee of InterGem.

35. As full-time employees of InterGem, the Individual Defendants owed InterGem a duty of loyalty.

36. The Individual Defendants breached their duties of loyalty to InterGem, by, *inter alia*: soliciting InterGem exhibitors to join them in their new business enterprise, soliciting InterGem vendors to leave InterGem's shows, soliciting the venues rented by InterGem for competing show dates, appropriating the InterGem Show Manager database to their own use and to the use of their new company, and by generally failing to devote their full time and attention to InterGem's business while employed by InterGem.

37. As a direct and proximate result of the Individual Defendants' actions, InterGem has suffered pecuniary injury.

WHEREFORE, InterGem respectfully prays that the Court enter judgment in its favor and against each of the Individual Defendants for a sum to be proven at trial but at least One Hundred Thousand Dollars ($100,000.00) and that the Court order such other and further relief as the Court deems just and proper.

## COUNT II

(Tortious Interference With Economic Relations – All Defendants)

38. All of the foregoing allegations are hereby incorporated by reference as if fully stated herein.

39. The Defendants' acts described above were intentional and willful acts calculated to cause damage to InterGem in its lawful business, done with the purpose of causing InterGem to suffer damages and loss, without right or justification on the part of the Defendants.

40. Defendants' use of the Show Manager database and the information contained therein for the purposes of soliciting InterGem's exhibitors to draw them away from InterGem's shows and over to Defendants' shows is unlawful conduct.

41.  Defendants' solicitations of InterGem's exhibitors while still employed by InterGem were unlawful acts.

42.  Defendants' use of corporate and trade names that are confusingly similar to those used by InterGem is for the purpose of deceiving and misleading exhibitors and constitutes an unlawful act.

43.  As a direct and proximate result of Defendants' actions, InterGem has suffered and will suffer irreparable harm and damages that are difficult to quantify.

WHEREFORE, InterGem respectfully prays that the Court:

(1)  Enter a preliminary and permanent injunction: (a) enjoining Defendants from using information from the Show Manager database in their business including their solicitations of and communications to InterGem's exhibitors; (b) mandating that Defendants return all information from the Show Manager database to InterGem and that Defendants delete all such information from their records.

(2)  Enter judgment in InterGem's favor and against each of the Defendants for a sum to be proven at trial but at least One Hundred Thousand Dollars ($100,000.00) and that the Court order such other and further relief as the Court deems just and proper.

## COUNT III

(Unfair Competition)

44.  All of the foregoing allegations are hereby incorporated by reference as if fully stated herein.

45.  Defendants actions taken separately and/or taken together that constitute unfair competition have included at least the following:

    a. Coordinating their resignations on the eve of InterGem's spring show schedule;

    b. Appropriating InterGem's Show Manager database;

    c. Contacting and soliciting existing InterGem exhibitors prior to resignation from InterGem and thereafter;

    d. Contacting venues to arrange for their own shows to immediately precede InterGem's shows; and

    e. Using a corporate name and a trade name that are confusingly similar to those names used by InterGem.

46. The foregoing acts set forth in paragraph 43.a.-e. separately or taken together constitute acts that are unfair and not based on common honesty and fairness.

47. As a direct and proximate result of Defendants actions InterGem has and will suffer irreparable harm to its trade and business and damages that are difficult to quantify.

WHEREFORE, InterGem respectfully prays that the Court:

(1) Enter a preliminary and permanent injunction: (a) enjoining Defendants from using information from the Show Manager database in their business including their solicitations of and communications to InterGem's exhibitors; (b) mandating that Defendants return all information from the Show Manager database to InterGem and that Defendants delete all such information from their records; and (c) enjoining Defendants from their use of the names "World Gem & Jewelry Show" and "World Gem" in the business of gem and jewelry shows in the United States.

8

(2)   Enter judgment in InterGem's favor and against each of the Defendants for a sum to be proven at trial but at least One Hundred Thousand Dollars ($100,000.00) and that the Court order such other and further relief as the Court deems just and proper.

## COUNT IV

(Lanham Act – All Defendants)

48.  All of the foregoing allegations are hereby incorporated by reference as if fully stated herein.

49.  "World of Gem & Jewelry" and "Inter Gem" are names adopted by and used in trade and business by InterGem.

50.  Defendants know that InterGem uses "World of Gem & Jewelry" and "Inter Gem" as trade names.

51.  Defendants' use of the names "World Gem & Jewelry Show" and "World Gem" constitutes intentional copying of InterGem's trade names.

52.  Defendants' use of the names "World Gem & Jewelry Show" and "World Gem" constitute their use of those names in interstate commerce.

53.  Defendants' use of the names "World Gem & Jewelry Show" and "World Gem" is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with another person – InterGem.

54.  InterGem will suffer irreparable harm if Defendants are permitted to continue their use of the names "World Gem & Jewelry Show" and "World Gem."

WHEREFORE, InterGem respectfully prays that the Court:

(1) Enter a preliminary and permanent injunction enjoining Defendants from their use of the names "World Gem & Jewelry Show" and "World Gem" in the business of gem and jewelry shows in the United States.

(2) Enter judgment in InterGem's favor and against each of the Defendants for a sum to be proven at trial but at least One Hundred Thousand Dollars ($100,000.00) and that the Court order such other and further relief as the Court deems just and proper.

## COUNT V

(Civil Conspiracy – All Defendants)

55. All of the foregoing allegations are hereby incorporated by reference as if fully stated herein.

56. Defendants conspired to tortiously interfere with InterGem's trade and business.

57. Defendants conspired to engage in unfair competition to compete with InterGem's trade and business.

58. Defendants conspired to violate the Lanham Act in their use of deceptively similar names to those used and adopted by InterGem.

59. As a direct and proximate result of Defendants actions, InterGem has suffered and will continue to suffer irreparable harm and damages that are difficult to quantify.

WHEREFORE, InterGem respectfully prays that the Court:

(1) Enter a preliminary and permanent injunction: (a) enjoining Defendants from using information from the Show Manager database in their business including their solicitations of and communications to InterGem's exhibitors; (b) mandating that Defendants return all information from the Show Manager database to InterGem and that Defendants delete all such information from their records; and (c) enjoining Defendants from their use of the names "World

Gem & Jewelry Show" and "World Gem" in the business of gem and jewelry shows in the United States.

(2) Enter judgment in InterGem's favor and against each of the Defendants for a sum to be proven at trial but at least One Hundred Thousand Dollars ($100,000.00) and that the Court order such other and further relief as the Court deems just and proper.

Respectfully submitted,

SMITH, LEASE & GOLDSTEIN, LLC

By: _____
Jeffrey D. Goldstein
11 North Washington Street
Suite 520
Rockville, Maryland 20850
Phone: (301) 838-8950
Fax:    (301) 838-0322

Counsel for International Gem
& Jewelry Show, Inc.

Z:\I-P\International Gem & Jewelry\Employment Litigation\InterGem Complaint.doc